### JOHN M. WAY *vs.* WILLIAM H. FOSTER.

No action lies for an injury to a horse from immoderate driving, if he has been intrusted
by the owner to the defendant to be driven in violation of the statute for the observance
of the Lord's day.

TORT for injury to the plaintiff's horse from immoderate
driving. At the trial in the superior court, it appeared that the
plaintiff owned a pair of horses which he intrusted to the de-
fendant on Sunday to be driven to Phillips' Beach; and the
plaintiff offered evidence to show that this was done for the pur-
pose of allowing the defendant to try them, with a view to their
purchase; and the defendant offered evidence to show that it
was for the purpose of showing them to a person at the beach,
to whom the plaintiff wished to sell them. One of the horses
was returned badly injured. *Vose*, J. instructed the jury that, if
the plaintiff intrusted his horses to the defendant on the Lord's
day for either of these purposes, he was not entitled to recover.
A verdict was returned for the defendant, and the plaintiff al-
eged exceptions.

*B. F. Butler*, for the plaintiff.

*F. A. Brooks*, for the defendant.

CHAPMAN, J. The plaintiff admits that this case is not dis-

tinguishable from that of *Gregg* v. *Wyman*, 4 Cush. 322; but, inasmuch as that case has been reviewed and denied to be law in *Woodman* v. *Hubbard*, 5 Foster, 67, he asks the court to reconsider the question there decided. It must be admitted that the case of *Gregg* v. *Wyman* carried the doctrine to its extreme limit; and in *Welch* v. *Wesson*, 6 Gray, 505, it was held that a party might recover for an injury done to his property while he and the defendant were engaged in the execution of an illegal contract, provided he could prove his case without proving the contract.

But the general doctrine that courts of law will not permit a party to prove his own illegal acts in order to establish his case, is well established. They cannot listen to such proof consistently with the respect which they owe to the law, and to themselves as its officers. Nor has a party who acts in defiance of law any just claim to its agency in obtaining redress for the damage he may have sustained in the course of his illegal transactions.

It is said that the doctrine is harsh in its application to this case. But it is no more harsh than in the common case of a conveyance of property made without consideration, and for the purpose of hindering creditors in the collection of their debts. In such cases the vendor often loses his whole estate, because the law will not aid him to recover it.

In the present case the cause of action is the violation of the defendant's obligation as bailee of a pair of horses. His duty was to drive them moderately. He drove them immoderately, and thus injured one of them. But the proof of the bailment discloses the fact that the whole transaction was in violation of the statute for the observance of the Lord's day. His claim being thus founded on an illegal transaction, the principle stated above applies to it as clearly as to any case that can occur.

*Exceptions overruled.*